**UTAH DEPARTMENT OF TRANSPORTATION, Plaintiff and Appellant,**

v.

**REAGAN OUTDOOR ADVERTISING, INC., a Utah corporation, Defendant and Respondent.**

**No. 860323–CA.**

Court of Appeals of Utah.

March 15, 1988.

David L. Wilkinson, State Atty. Gen., Donald S. Coleman, Mark C. Moench, David S. Christensen (argued), Physical Resources Div., Asst. Attys. Gen., for plaintiff and appellant.

Douglas T. Hall (argued), Salt Lake City, for defendant and respondent.

Before GREENWOOD, ORME and BILLINGS, JJ.

OPINION

GREENWOOD, Judge:

Plaintiff, the Utah Department of Transportation (UDOT), appeals from the trial court's ruling that UDOT was estopped from removing two of Reagan Outdoor Advertising, Inc.'s (Reagan) billboards because UDOT waited five years before taking action to remove the billboards. We reverse.

In September 1976, Reagan constructed two billboards on U.S. Highway 89 in Davis County, Utah. After an administrative hearing in September 1977, UDOT determined that the billboards violated the Utah Outdoor Advertising Act. Utah Code Ann. § 27–12–136.1–.11 (1984). Reagan appealed, and, before the appeal was heard, the parties entered into a stipulation and dismissed the appeal. According to the stipulation, the billboards were to be removed on or before July 1981, unless they had attained conforming status under the Utah Outdoor Advertising Act.

In May 1986, UDOT sent a letter to Reagan and advised Reagan to remove the signs because they had not attained conforming status in accordance with the stipulation. Reagan refused to remove the signs, claiming that they were conforming.

Because the parties were unable to settle their dispute, UDOT commenced an action to enforce its rights under the stipulation. The court ruled that the billboards were nonconforming because they were not in commercial or industrial zones but that "by waiting until May of 1986 to take action on the Stipulation, the Utah Department of Transportation has not acted reasonably and is therefore estopped from removing the signs pursuant to the Stipulation."

On appeal, UDOT claims that the trial court erred in ruling that UDOT was estopped from removing the billboards. Because it is unclear whether the trial court relied on equitable estoppel or laches as the basis of its ruling, we examine the facts of this case in light of both doctrines.

Before equitable estoppel may be applied, three elements must be present: 1) an admission, statement, or act inconsistent with the claim afterwards asserted; 2) action by the other party on the faith of such admission, statement, or act; and 3) injury to such party resulting from allowing the first party to contradict or repudiate such admission, statement, or act. *Celebrity Club, Inc. v. Utah Liquor Control Comm'n*, 602 P.2d 689, 694 (Utah 1979). Successful assertion of laches requires defendant to establish that plaintiff unreasonably delayed in bringing an action and that defendant was prejudiced by that delay. *Borland v. Chandler*, 733 P.2d 144, 147 (Utah 1987).

Under both equitable estoppel and laches, defendant must establish injury or prejudice before the defense may be successfully asserted.[1] In this case, Reagan presented no evidence on the injury it allegedly suffered. During oral argument on appeal, however, Reagan asserted that its injury consisted of the construction costs incurred in building the billboards. According to Reagan, those costs are not recovered for eight or nine years after the billboards are constructed, and it will be injured if it is required to remove the signs before the construction costs are recouped. However, Reagan completed construction of the billboards well before UDOT and Reagan entered into the stipulation for removal of the billboards. Therefore, Reagan's alleged injury in constructing the billboards did not result from UDOT's delay in enforcing the stipulation. Accordingly, we conclude that the asserted injury fails to satisfy either laches or estoppel due to the absence of a causal relationship between the failure to enforce the stipulation and the injury suffered. In addition, Reagan used the billboards for at least four years beyond the date permitted by the stipulation. Thus, Reagan ultimately benefitted from the use of the signs and was not injured nor prejudiced by the delay. Therefore, because both laches and estoppel require proof of injury or prejudice, and because it is impossible, under these facts, for Reagan to have been injured or prejudiced, we hold that the trial court erred in concluding that UDOT was estopped from removing the billboards.

Reversed.

ORME and BILLINGS, JJ., concur.

---

1. The Utah Supreme Court has held that estoppel can be asserted against the government only under certain circumstances. "[T]he critical inquiry is whether it appears that the facts may be found with such certainty, and the injustice to be suffered is of sufficient gravity, to invoke the exception." *Utah State Univ. v. Sutro & Co.*, 646 P.2d 715, 720 (Utah 1982). In this case, we need not reach whether, under *Sutro*, estoppel could be asserted against UDOT.